UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE KINSLEY GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COOPER ELECTRIC SUPPLY, LLC, and JACKSON CAPRIO,<br><br>Defendants. | CIVIL ACTION NO.: 7:26-CV-02279-PMH |

**CONSENT ORDER AND FINAL JUDGMENT**

This matter comes before the Court on the Joint Motion for Entry of Consent Order and Final Judgment (the "Motion") filed by Plaintiff The Kinsley Group, Inc. ("Kinsley") and Defendants Cooper Electric Supply, LLC ("Cooper") and Jackson Caprio ("Caprio") (together, the "parties"). The parties, by and through counsel, represent that they have entered into a confidential settlement agreement, which fully and finally resolves the claims asserted in this lawsuit. As part of the confidential settlement agreement, Cooper and Caprio have agreed to the entry of this Consent Order and Final Judgment (the "Order"). The parties agree that the Court has personal jurisdiction over them, subject matter jurisdiction over the claims in the lawsuit, and authority to enter this Order. The parties further agree to waive any and all rights and defenses that might preclude entry and the full force and effect of this Order. The parties further agree that this Order is non-appealable.

Having considered the Motion, and for good cause shown, it is hereby **ORDERED** that the Motion is **GRANTED**. **IT IS FURTHER ORDERED** that:

1. All capitalized terms not defined in this Order shall have the meaning ascribed to them in the Non-Competition and Confidentiality Agreement between Kinsley and Caprio dated May 31, 2023 (the "Agreement," ECF No. 1-1).
2. Kinsley agrees as part of the settlement of this dispute that under the Agreement, Caprio is permitted to work for Cooper, so long as he otherwise complies with the terms of this Order, and such employment will not constitute a breach of the Agreement.
3. Caprio shall not (unless compelled by judicial or governmental authority) use or disclose any Confidential Information as defined in the Agreement.
4. To protect the value of Kinsley's business and goodwill, Caprio agrees that, for two years following Caprio's resignation from his employment with Kinsley, March 5, 2026, (the "Restricted Period"), Caprio shall not have contact with, solicit, or assist in the solicitation of any of Kinsley's "customers or clients" (as defined in the Agreement) for the purpose of selling or providing services to a Competing Business (as defined in the Agreement).
5. In the event that any customers or clients covered by the preceding Paragraph directly or indirectly contact Caprio concerning the provisions set forth above, Caprio must inform such customer or client that he is not permitted to sell or provide services to a Competing Business (as defined in the Agreement) to that customer or client during the Restricted Period.
6. In the event that any employee of Cooper directly or indirectly contacts Caprio concerning the provisions set forth above, Caprio must inform such employee that he is not permitted to work with or assist them in the solicitation of Kinsley's customers or clients for the purpose of selling or providing services to a Competing Business during the Restricted Period, and is not permitted to disclose Kinsley's Confidential Information at any time.

7. In the event that either party believes the other party has violated this Order or any provision of the confidential settlement agreement, the aggrieved party shall, within thirty (30) days of the date the aggrieved party knew or reasonably should have known of the alleged violation, provide written notice to the allegedly breaching party (the "Notice to Cure") via electronic mail and certified mail to the parties' counsel of record in this action. The Notice to Cure shall identify with reasonable particularity the provision alleged to have been violated and the facts constituting the alleged violation. Upon delivery of the Notice to Cure, both parties shall use good faith efforts to resolve and cure the alleged violation within thirty (30) days of the date of the Notice to Cure (the "Cure Period"). If, after the expiration of the thirty (30)-day Cure Period and despite the good faith efforts of both parties, the parties are unable to cure or otherwise resolve the alleged violation, then, and only in that event, the aggrieved party shall be permitted to bring an action before this Court to enforce this Order or the confidential settlement agreement. Compliance with the notice and cure procedures set forth in this section is a condition precedent to the commencement of any such action.

**IT IS FURTHER ORDERED** that all costs and attorneys' fees shall be the responsibility of the party incurring same, except to the extent otherwise agreed in the parties' confidential settlement agreement.

The Court

~~Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Court~~ shall retain jurisdiction to enforce this Order. However, the Court does not "retain jurisdiction to enforce any other aspect of the settlement," as detailed in the Parties' joint letter submission (Doc. 27).

The Clerk of Court is respectfully requested to terminate the motion sequence pending at Doc. 25.

**IT IS SO ORDERED.**

Date: August 3, 2026
White Plains, New York

Judge Philip M. Halpern
United States District Judge